

FILED
CLERK, U.S. DISTRICT COURT
JAN 3 0 2023
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOHN CHRISTOPHER MAGDIRILA, <br><br> Defendant. | Case No. CR 17-729-CAS <br><br> ORDER OF DETENTION <br><br> [Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143(a)(1)] |

I.

On January 30, 2023, Defendant made his initial on the petition for revocation of supervised release and warrant for arrest issued on January 4, 2023. Deputy Federal Public Defender ("DFPD") Fermin Vargas was appointed to represent Defendant; DFPD Annie O'Toole appeared for Mr. Vargas. The government was represented by Assistant U.S. Attorney Afia Bondero.

II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release,

The Court finds that:

A.  ☒  Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

    ☒ the petition alleges that Defendant failed to comply with supervised release conditions by failing to comply with the location monitoring program, failing to report to a substance abuse program on various dates in April, May, and July 2022, failing to report for mental health counseling, testing positive for methamphetamine use, and sustaining arrests – in the past three months - for grand theft, burglary, identity theft and robbery

    ☒ Lack of bail resources

    ☐ previous revocation of supervised release (see Dkt. No. 81)

B.  ☒  Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

    ☒ allegations in the petition (see above); criminal history includes convictions for grand theft, drug related convictions, burglary, forgery and identity theft; and Defendant was recently arrested for grand theft, burglary, identity theft and robbery.

    ☒ previous revocation of supervised release (see Dkt. No. 81)

III.

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal pending further proceedings in this matter.

Dated: January 30, 2023

                                          /s/
                                ALKA SAGAR
                 UNITED STATES MAGISTRATE JUDGE